UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN ACUPANDA, an individual,

Plaintiff,

v.

QUALITY FOOD CENTERS, a division of Fred Meyer Stores, Inc., and Ohio corporation and wholly owned subsidiary of The Kroger Co., Inc., an Ohio corporation,

Defendant.

CASE NO. C12-0035RSM

ORDER OF REMAND

This matter is now before the Court for consideration of a Notice of Removal filed by defendant Quality Food Centers, Inc. Dkt. # 1. This action was filed in King County Superior Court on or about December 21, 2011, and defendant timely removed it to this Court on January 6, 2012. Having *sua sponte* considered the Notice of Removal and the complaint filed in state court, the Court has determined that the Notice of Removal is deficient and does not state a basis for this Court's jurisdiction.

LEGAL STANDARD AND ANALYSIS

ORDER - 1

1 | Defendant Quality Food Centers ("QFC") removed this action from state court pursuant to 28
U.S.C. § 1441(a) and § 1446, invoking this Court's jurisdiction on diversity grounds under 28 U.S.C. §
1332. This section creates federal jurisdiction over state law causes of action when the parties are
diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a), (b). The
complaint here does not allege any specific amount in damages. Defendant acknowledges this but
asserts in the Notice of Removal that "a reasonable person would conclude" that plaintiff is seeking
more than the jurisdictional minimum. Notice of Removal, Dkt. # 1, p. 2.

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal
statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261,
1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v.
Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). This Court must *sua sponte* review all removed actions to
confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159
F.3d 1209, 1211 (9th Cir.1998) ("If a district court lacks subject matter jurisdiction over a removed
action, it has the duty to remand it...."). A court may raise the question of subject matter jurisdiction
*sua sponte* at any time. *Snell v. Cleveland, Inc.,* 316 F. 3d 822, 826 (9th Cir. 2002); *citing*
Fed.R.Civ.Proc. 12(h)(3).

Where, as here, the complaint filed in state court does not specify damages, "it is not facially
evident from the complaint that more than $75,000 is in controversy, [and] the removing party must
prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional
threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir.2003); *see also
Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004). "In a removed case, . . . the plaintiff
chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a
strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a
federal court[.]'" *Singer v. State Farm Mutual Auto. Ins. Co*., 116 F. 3d 373, 375 (9th Cir. 1997)
(*quoting St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 290 (1938). Accordingly, the
removing defendant must set forth "in the removal petition itself, the underlying facts supporting its
assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567; *see also Wilson v.*

ORDER - 2

*Union Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1261-63 (D.Idaho 2003).

Defendant here has failed to make the requisite showing of facts which demonstrate, by a preponderance of the evidence, that the plaintiff seeks damages in excess of $75,000. The Notice of Removal simply cites to this Court's Local Rules and asserts that "a reasonable person would conclude" that plaintiff is seeking damages greater than $75,000, because her listed injuries include a head injury, "severe physical injuries" and "severe mental and emotional distress" arising from a slip and fall in a "Kmart" store in Seattle, Washington. Dkt. # 1, p. 2. However, the complaint actually alleges that plaintiff slipped and fell in a "QFC store," owned and operated by defendants, not a Kmart store. Complaint, Dkt. # 1-1, ¶¶ 3.2, 3.4. Further, plaintiff's listed damages are not in any way specific to her, and appear instead to be taken from a standard or generic form for a personal injury complaint. Indeed, one paragraph refers to "Plaintiff[s]"in the plural, despite the fact that there is but a single plaintiff. *See,* Complaint, Dkt. # 1-1, ¶ 6.6.

In the Notice of Removal, defendant cites Local Rule CR 101(a), which states, in relevant part, that

> [i]f the complaint filed in state court does not set forth the dollar amount prayed for, a removal petition shall nevertheless be governed by the time limitation of 28 U.S.C. § 1446(b) if a reasonable person, reading the complaint of the plaintiff, would conclude that the plaintiff was seeking damages in an amount greater than the minimum jurisdictional amount of this court. . . .

Local Rule CR 101(a). This rule simply relates to time limits for removal, and does not excuse the requirement that a removing defendant must set forth specific facts supporting its assertion that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). Indeed, the local rule incorporates the requirement that the Notice of Removal "**shall** set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount. . . " *Id.* (emphasis added). The conclusory allegation based on plaintiff's generic list of injuries is insufficient to meet this requirement.

Beyond the assertion of what a reasonable person would conclude, defendant has failed to assert any factual basis for a finding that the amount in controversy exceeds $75,000. Defendant has thus offered no facts to support the Court's exercise of jurisdiction. *Gaus*, 980 F.2d at 567. The mere

ORDER - 3

allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 n. 5 (9th Cir.1996). Nor does counsel's opinion as to the value of the case suffice to establish the jurisdictional amount.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990). Defendant has not overcome this presumption or met this burden, and any doubt must be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d at 566.

Accordingly, this case is hereby REMANDED to the King County Superior Court, Cause No. 11-2-44058-3 SEA.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

Dated this 26th day of January 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4

ORDER - 5